UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN A. BLANTON,

Petitioner,

-vs-                                                            Case No. 8:16-cv-1427-T-02TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
_____/

## ORDER

Mr. Blanton, a Florida prisoner, initiated this action on June 1, 2016, by filing his "Amended Ground to Petitioner's Pending 28 USC 2254 Writ of Habeas Corpus" ("supplemental petition") (Doc. 1) in which he challenges a robbery conviction entered in 2003. In the supplemental petition, Mr. Blanton indicated that he had filed an "original petition for Writ of Habeas Corpus" on February 27, 2013, and he sought to "amend" the original petition with an additional ground (Id.). He attached a copy of the "original" petition to the supplemental petition (Id.).

After screening the supplemental petition and "original" petition, the court *sua sponte* determined that the petitions may be time-barred, and directed Respondent to file a response that addressed solely the issue of whether the petitions were untimely (see Doc. 4). Respondent asserted that under the federal statute of limitations, Mr. Blanton had to file his petition no later than December 3, 2013 (see Doc. 6). Respondent further asserted that although it was "unlikely" that Mr. Blanton would not have inquired into the status of the "original" petition for over three years before filing the supplemental petition and attaching a copy of the "original" petition thereto, Respondent could not "disprove" Mr. Blanton's claim that he provided the "original" petition to prison officials

for mailing on February 27, 2013, since the "original" petition had the prison's stamp on it with the date February 27, 2013, and the prison does not have logs for outgoing legal mail (Id.). Respondent concluded that "[i]f this Court determines that the petition was in fact provided to prison officials for mailing on February 27, 2013, the petition would be timely." (Id.).

In his reply, Mr. Blanton contends that his petition is timely because he presented his "original" petition to prison officials for mailing on February 27, 2013 (Doc. 9). He alleges that after he presented that petition to prison officials, he never inquired as to the status of the petition because "prison law clerks...advised [him] that once [he] filed [his] petition, it was best to not push the court for a response, to let the court take as much time as it wants to render a decision. To pester the court will only get you denied." (Id.).

Upon consideration of Respondent's response, Mr. Blanton's reply, the record before the Court, and the applicable law, Mr. Blanton's petition will be dismissed as time-barred.

## Analysis

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

2

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The parties do not dispute that Mr. Blanton's one-year limitations period would have started to run on May 22, 2008, when the time expired for Mr. Blanton to petition the United States Court for certiorari review following the February 22, 2008 affirmance in his belated direct appeal (Respondent's Ex. 9). *See Bond v. Moore*, 309 F.3d 770, 773 (11th Cir.2002) (noting that a petitioner has ninety days to seek certiorari by the Supreme Court after the state court of last resort denies discretionary review). However, the limitations period was tolled by Mr. Blanton's April 30, 2008 Rule 3.850 post-conviction motion (Respondent's Ex. 10), and remained tolled through July 6, 2012, when the appellate mandate issued (Respondent's Ex. 23). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir.2000).

Thereafter, three hundred fifty-seven (357) days elapsed before the limitations period again was tolled by Mr. Blanton's June 28, 2013 Rule 3.800 motion to correct sentence (Respondent's Ex. 24). The limitations period remained tolled through November 25, 2013, when the time expired for filing a notice of appeal from the October 24, 2013 denial of the motion (Respondent's Ex. 25). *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006). The limitations period therefore expired on December 3, 2013. Accordingly, Mr. Blanton's federal habeas petition is time-barred unless it was filed on or before that date.

Mr. Blanton contends that his "original" petition is considered filed on February 27, 2013,

3

the date on which he alleges that he handed the petition over to prison officials for mailing. The Court, however, did not receive a petition from Mr. Blanton until he filed his supplemental petition, with a copy of the "original" petition attached thereto, in June 2016 (Docs. 1, 5). Nevertheless, under the "mailbox rule," a prisoner's petition is considered filed when handed to a prison official for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (citation omitted). Moreover, in this circuit, the mailbox rule applies even when the petition "is never received or filed by the court." *Gracey v. United States*, 131 Fed.Appx. 180 (11th Cir.2005) (quoting *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001)).

The "mailbox rule" is codified in Rule 3(d), Rules Governing Habeas Corpus Cases Under § 2254, which states:

> Inmate Filing. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

If a prisoner follows these procedures, the burden shifts to "prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir.2001) (citing *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir.1993)). Absent evidence to the contrary, district courts must assume that a prisoner's motion was delivered to prison authorities the day he signed it. *Id.*

The Court concludes that Mr. Blanton is not entitled to the benefit of the mailbox rule with respect to his habeas petition because he did not fully comply with the requirements of Rule 3(d). The "original" petition does not include a declaration pursuant to the mailbox rule that Mr. Blanton

4

prepaid the postage (see Docs. 1, 5, 9). Because Mr. Blanton failed to provide a declaration that fully complies with Rule 3(d), he is not entitled to a presumption that his "original" petition was timely filed under the mailbox rule. *See* Rule 3(d), Rules Governing § 2254 Cases ("Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which *must* set forth the date of deposit *and state that first-class postage has been prepaid.*") (emphasis added); *Daniels v. United States*, 809 F.3d 588, 590 (11th Cir. 2015) ("Rule 3(d) has only two requirements with respect to the content of the prisoner's declaration. *To demand anything other than strict compliance with those requirements would render them nullities.*") (emphasis added); *United States v. Smith*, 182 F.3d 733, 734 n. 1 (10th Cir.1999) (denying prisoner benefit of mailbox rule because his declaration did not state that first class postage had been prepaid); *United States v. Craig*, 368 F.3d 738, 740 (7th Cir.2004) ("The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger."); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) ("[I]n order to benefit from [the prisoner mailbox] rule, the inmate is required to make a declaration that sets forth the date of deposit *and* that first-class postage has been prepaid.") (citation and internal quotation marks omitted) (alterations and emphasis added).

Even if Mr. Blanton was entitled to the presumption, that presumption is rebutted by ample evidence establishing that he did not deliver his "original" 2254 petition to prison officials for mailing with sufficient pre-paid postage on February 27, 2013. First, as stated above, this Court has no record of receiving a 2254 petition from Mr. Blanton until June 2016.

Second, in making the determination whether Mr. Blanton delivered his "original" 2254 petition for mailing with sufficient pre-paid postage on February 27, 2013, this Court "may take into

5

account any and all relevant circumstances, including any lack of diligence on the part of [Mr. Blanton] in following up in a manner that would be expected of a reasonable person in his circumstances...." *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir.2006). A reasonably diligent person in Mr. Blanton's circumstances, having received no information that his "original" 2254 petition had been received by the Court for more than three years, would have inquired with the Court about the matter. Therefore, Mr. Blanton's substantial lack of diligence in following up on the status of his "original" 2254 petition weighs heavily in favor of a finding that the petition was not delivered to prison officials for mailing on February 27, 2013.

Mr. Blanton contends that he never contacted the Court to inquire about the status of his "original" 2254 petition for over three years after he allegedly filed it because "prison law clerks...advised [him] that once [he] filed [his] petition, it was best to not push the court for a response, to let the court take as much time as it wants to render a decision. To pester the court will only get you denied." He does not, however, provide the names of, or any affidavits from, the prison law clerks who allegedly informed him that he should not "push the court for a response." Moreover, the believability of his contention is severely weakened by his actions in this case, and other cases he filed in both state and federal court.

In the instant case after Respondent filed its response, Mr. Blanton filed two notices of change of address (Docs. 13, 16), two notices of inquiry (Docs. 11, 14), and a motion demanding the Court issue a ruling (Docs. 17, 18). In Mr. Blanton's other federal habeas action in this Court in Case No. 8:17-cv-2928-T-35TGW (M.D.Fla.), he has filed three notices of change of address, a notice of inquiry, and a motion demanding a ruling. And during Mr. Blanton's post-conviction proceedings in his state criminal case that is the subject of the instant federal habeas action, he

6

actively litigated his case.[1] He filed notices with the state court when his address changed (See Attachment 1). And he even petitioned the state appellate court in March 2014 for a writ of mandamus compelling the state circuit court to issue a ruling on his post-conviction motion to correct an illegal sentence (see Attachment 2).

The records in Mr. Blanton's cases show that he is attentive to and actively involved in those cases. His motions demanding a ruling in his federal habeas cases, and his petition for a writ of mandamus compelling a ruling on his state post-conviction motion show that he is willing to press the courts for rulings in his cases. This tends to show that Mr. Blanton never contacted this Court between February 27, 2013, and June 1, 2016, because he knew that he had not filed a petition in this Court, not because he was concerned that his petition would be denied if he "push[ed]" the Court. Moreover, Mr. Blanton has failed to explain why he never attempted to contact this Court to notify it of his changes of address after he allegedly filed the petition on February 27, 2013. He was transferred to different correctional institutions (Okeechobbee, Everglades, Walton) at least three times between February 27, 2013, and June 1, 2016, and each time he notified the state court that he had been transferred (see Attachment 1). A reasonably diligent person, such as Mr. Blanton, who believed that he had a federal habeas petition pending would have attempted to notify this Court that his mailing address had changed.

The conclusion that Mr. Blanton knew that he did not have a federal habeas petition pending in this Court as of February 27, 2013, is bolstered by the record in his state post-conviction proceedings. On February 17, 2015, Mr. Blanton filed a motion for post-conviction relief in the state

---

[1] The Court takes judicial notice of information available May 31, 2019, on the database maintained by the Clerk of the Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com. See Rule 201, Fed.R.Evid.

circuit court (Respondent's Ex. 26). Paragraph 16 of the form asked "[d]o you have any petition, application, appeal, motion, etc., now pending in any court, either state *or federal*, as to the judgment under attack?" (Id., p. 9) (emphasis added). Mr. Blanton checked the box that indicated "No" (Id.). A reasonable person who knew or believed that he had a federal habeas petition pending in federal court at that time would not have answered "No" to that question.

Mr. Blanton has provided a copy of his "original" petition that bears a date stamp that states "Provided to Columbia Correctional Institution on _____ (Date) for mailing", and has "Feb. 27, 2013" hand-written on the "Date" line (Doc. 5, p. 1). The veracity of the date stamp, however, is questionable because it is apparent that Mr. Blanton, instead of a prison official, added the hand-written "Feb. 27, 2013" to the date stamp, since the writing matches that of the dates Mr. Blanton added to the signature page of the "original" petition (Id., p. 54). The Florida Administrative Code rule that governs outgoing prisoner legal mail implies that a prison official is required to date stamp the legal mail, *insert the date*, initial the mail, and have the prisoner initial the mail. See Rule 33-210.102(8)(e), F.A.C. ("If the outgoing mail is legal mail and it contains no unauthorized items, the mail collection representative shall stamp the document(s) to be mailed and the inmate's copy, if provided by the inmate. The date stamp shall be in the following format: 'Provided to (name of institution) on (day, month and year blank to insert date) for mailing, by (officer's initials).' The mail collection representative shall then have the inmate initial the document(s) next to the stamp and have the inmate seal the envelope in the mail collection representative's presence."). And Mr. Blanton himself indicates that prison legal mail is "dated and initialed by staff. . . ." (Doc. 9, p. 2). Moreover, none of the dates inserted in the date stamps on the other documents Mr. Blanton filed in the instant case and in state court (that are part of the record in this case) appear to be in Mr.

8

Blanton's hand writing.[2] Under these circumstances, the Court cannot find that the date stamp on the "original" petition establishes that Mr. Blanton turned that petition over to prison officials for mailing on February 27, 2013.

In sum, Mr. Blanton is not entitled to the benefit of the mailbox rule, and he presents no credible evidence that he actually delivered his "original" 2254 petition to prison officials for mailing on February 27, 2013. Ample evidence strongly suggests that he did not mail his "original" petition until June 1, 2016, when he mailed it with his supplemental petition. The Court therefore finds that Mr. Blanton did not deliver a 2254 petition to prison officials on February 27, 2013. Consequently, his petition is considered filed on June 1, 2016. Accordingly, his petition is time-barred.[3]

It is therefore **ORDERED** that Mr. Blanton's petition for writ of habeas corpus is **DISMISSED** as time-barred. The **Clerk** shall enter judgment against Mr. Blanton and close this case.

### Certificate of Appealability

A certificate of appealability will issue only if the petitioner makes "a substantial showing

---

[2]See Doc. 1, p. 1; Doc. 3, p. 1; Doc. 9, p. 1; Doc. 11, p. 1; Doc. 13, p. 1; Doc. 14, p. 1; Doc. 16, p. 1; Respondent's Ex. 10, p. 1; Respondent's Ex. 12, p. 1; Respondent's Ex. 19, p. 1; Respondent's Ex. 21, p. 1; Respondent's Ex. 24, p. 1; Respondent's Ex. 26, p. 1; Respondent's Ex. 28, p. 1.

[3]It is arguable that Mr. Blanton's claim in his supplemental petition, that he was denied due process and equal protection when his request to re-open his state post-conviction proceedings to determine whether his trial counsel testified fraudulently during the evidentiary hearing was denied, is timely. Nevertheless, the claim warrants no relief because it is not cognizable in this federal habeas review. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post-conviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Carroll v. Secretary, DOC, Fl. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir.2009) (holding that habeas petitioner's claim that the state court violated his due process rights when it summarily denied his post-conviction claim without an evidentiary hearing did not state a claim on which a federal court may grant habeas relief); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir.1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention.").

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mr. Blanton cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on  June 5th , 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to:
Shawn Blanton, *pro se*
Counsel of Record

10